FILED
22 DEC -9 PM 1:27
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ RN _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | |
|---|---|
| DAVID TOM, | Case No.: |
| Plaintiff, | |
| v. | 1:22CV01296 RP |
| TRANSPORTATION MEDIA, INC., dba | |
| BENCH CRAFT COMPANY | |
| Defendant. | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

Plaintiff David Tom, Pro se, files this Complaint against TRANSPORTATION MEDIA, INC dba BENCH CRAFT COMPANY of Portland, Oregon, and for causes of action would respectfully show as follows:

**JURISDICTION AND VENUE**

1. This action is brought by Plaintiff David Tom, Pro Se, pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et. seq* ("TCPA"), the Texas Business and Commerce Code § 302 *et seq.*, and the Texas Deceptive Trade Practices – Consumer Protection Act, Tex. Bus. & Com. Code 17.41 et seq. ("DTPA").

- 1 -

2. Plaintiff requests supplemental jurisdiction pursuant to U.S.C. § 1367 with regard to violations of Texas Business and Commerce Code claims in the State of Texas.

3. This Court has federal question jurisdiction over the subject matter of the claims under the TCPA pursuant to 47 U.S.C. § 227. This Court further has jurisdiction over the subject matter of the claims under the TCPA pursuant to 28 U.S.C. § 1331 and has pendant jurisdiction over the subject matter as the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC, 556 U.S. 368, 372 (2012).*

4. Venue of this suit lies in the Western District of Texas, Austin Division pursuant to 47 U.S.C. § 227 because violations of the TCPA originated within the Western District of Texas, as more specifically alleged below. Venue further lies in the Western District of Texas, Austin Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims alleged herein occurred within Austin, Texas which is within the jurisdiction of the Western District of Texas.

### NATURE OF DEFENDANTS OPERATIONS

5. Defendant TRANSPORTATION MEDIA, INC dba BENCH CRAFT COMPANY (hereafter, "Bench Craft") is an incorporated entity formed under the laws of the State of Oregon, with its principal place of business at 16600 SW 72ND AVE BLDG 10, Portland, Oregon 97224. Defendant Bench Craft may be served by serving its registered agent, KAR AGENT AND SERVICE CO., LLC at their premises of 520 SW YAMHILL ST STE 600 Portland, Oregon 97204.

### ACTS OF AGENTS

6. Whenever it is alleged in this petition that any Defendant did any act, it is meant that the Defendant performed or participated in the act or that Defendant's officers, agents, employees, affiliates, or contractors performed or participated in the act on behalf of and under the authority of Defendant.

## STATEMENT OF FACTS

7. Defendant, in generating leads for their business, have placed abusive telemarketing calls to the homes, offices, and cell phones of anyone in their marketing database nationwide, including calls received by Plaintiff while within Austin, Texas.

8. When a party answers a call initiated by Defendant, the consumer is greeted by an agent who states they are calling on behalf of a golf course, offering the ability to purchase advertising on the scorecards, benches, and areas around the golf course, as well as graphic design services, printing of scorecards, and marketing material.

9. Many of the telephone calls made by Defendant are also made to individuals who have registered their telephone number on the federal and/or the state do-not-call list(s) (the "national do-not-call registry" and the "state do-no-call registry" respectively) for the purpose of avoiding the receipt of such calls.

10. Plaintiff was at the Delta Sky Club on 11 November 2021 waiting for his flight to Los Angeles on Delta Flight 986, boarding at 1:05PM Austin local time from the Barbara Jordan Terminal at the Austin-Bergstrom International Airport.

11. Plaintiff was called on his cellular device by Defendant, offering golf course advertising, graphic design, and advertising on golf course furniture and scorecards for one of the businesses that Plaintiff owns, and Plaintiff recorded the call.

12. Plaintiff then sent USPS certified mail to Defendant in an attempt to resolve his legal claims and received a reply from Aaron Ferreira, an attorney in Portland, Oregon that Defendants engaged to represent them in this dispute.

13. Plaintiff and Defendant were unable to resolve these issues outside of litigation and Plaintiff filed in Brevard County, Florida titled *DAVID TOM VS BENCH CRAFT, 05-2021-CA-055727-XXXX-XX*.

14. On Thursday, July 21st, 2022, at 11:07PM eastern time – Plaintiff emailed counsel for Defendant, Jeffrey L DeRosier – Florida Bar Number 30227 and sent same email via carbon copy to Aaron Ferreira – Oregon Bar Number 002560 requesting Bench Craft's Do Not Call Policy.

15. Plaintiff received no response from either attorney to the request for Do Not Call Policy as of this filing.

16. Two attorneys engaged in representing Defendant who willfully ignore a legal request to provide a Do Not Call Policy upon demand, as required by 47 C.F.R. § 64.1200(d)(1) is not compliant with federal law.

17. Despite litigating this still pending issue, Plaintiff continued to be contacted by representatives of Defendant, offering their advertising, graphic design, printing, and marketing services.

18. On Wednesday, September 7th, 2022 – Plaintiff was contacted out of the blue by Brittany Kemen from Bench Craft at golfwithbrittany410@gmail.com, advertising the company's services.

19. Plaintiff requested Bench Craft's Do Not Call Policy on Wednesday, September 7th, 2022, at 5:01PM eastern time from Brittany Kemen.

20. Brittany Kemen responded via email at 8:27AM on Thursday, September 8th, 2022, stating "Here's the number to customer service 1-800-824-8311. They will be able to help you with that."

21. Offering a phone number to call to ask for a Do Not Call Policy is not providing a Do Not Call Policy upon demand, as required under 47 C.F.R. § 64.1200(d)(1).

22. Plaintiff then asked Brittany Kemen via email again for the Do Not Call policy at 10:56AM eastern time on Thursday, September 8th, 2022.

23. Plaintiff was never provided Defendant's Do Not call Policy.

24. These four separate requests constitute four separate violations of 47 C.F.R. § 64.1200(d)(1), for which Plaintiff seeks damages.

25. While litigating these issues in Florida, Plaintiff has also named the Barefoot Bay Recreation District, the owner of the golf course that Defendant offered advertising space at, as a co-defendant.

26. Attorneys for the Barefoot Bay Recreation District have pled that there is no relationship between the golf course and Bench Craft, and they know nothing of any approved advertising being offered and have requested dismissal of the action as such.

27. Bench Craft making a telemarketing call on behalf of a golf course, offering advertising on said golf course, without the express permission of or knowledge of the public entity owning the golf course is a deceptive trade practice as defined by the Texas DTPA.

28. Plaintiff has sent written notice of these issues to Defendant over 60 days prior to bringing a formal Texas DTPA claim as defined in Section 17.505.

## FIRST CAUSE OF ACTION

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

29. Plaintiff realleges paragraphs 1 through 28 and incorporates them herein as if set forth here in full.

30. The TCPA, 47 U.S.C. § 227, et seq., was enacted to, among other things, protect the privacy interests of telephone users from invasive telemarketing practices, and define delivery restrictions and the development and implementation of a Do Not Call Policy, as codified in 47 C.F.R. § 64.1200(d)(1).

31. Defendants have violated 47 C.F.R. § 64.1200(d)(1) when they failed and/or refused to provide Plaintiff with a copy of Defendant's Do Not Call Policy.

32. Plaintiff was further statutorily damaged because Defendant willfully and/or knowingly violated this subsection of the TCPA and it's implementing regulations.

33. As a result of Defendant's and Defendant's Agents and Defendant's Attorneys knowing and/or willful violation of 47 C.F.R. § 64.1200(d)(1), Plaintiff seeks for himself $1,500 in trebled statutory damages as permitted under USC § 227(c)(5) for each willful and/or knowing violation, totaling $6,000.

## SECOND CAUSE OF ACTION

## VIOLATIONS OF TEXAS BUSINESS AND COMMERCE CODE CHAPTER 302

34. Plaintiff realleges paragraphs 1 through 28 and incorporates them herein as if set forth in full.

35. The Texas Business and Commerce Code, Chapter 302 subchapter C, states in part:

*Sec. 302.101. REGISTRATION CERTIFICATE REQUIRED. (a) A seller may not make a telephone solicitation from a location in this state or to a purchaser located in this state unless the seller holds a registration certificate for the business location from which the telephone solicitation is made*

36. Plaintiff was physically located in Austin, Texas when he answered his cellular phone on November 11, 2021, and is entitled to the full protections of the Texas Commerce Code.

37. Plaintiff has dutifully searched the Texas Secretary of State website's page for Telephone Solicitors Search for a registration for TRANSPORTATION MEDIA or BENCH CRAFT COMPANY, or any aliases thereof.

38. The Texas Secretary of State website reports no such registrations exist for any of the entities.

39. Defendant maintains facilities in Arlington, Texas and as an established Texas business should be aware of Texas laws.

40. The Texas Commerce Code, Chapter 302 subchapter G, states in part:

*Sec. 302.302. CIVIL PENALTIES. (a) A person who violates this chapter is*

*subject to a civil penalty of not more than $5,000 for each violation.*

*(d) The party bringing the action also is entitled to recover all reasonable costs of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees.*

41. Defendants have violated the Texas Business and Commerce Code § 302.101 by failing to register as a telemarketer with the Texas Secretary of State and post requisite statutory bond.

42. Plaintiff seeks a civil penalty of $5,000 for such violation.

### THIRD CAUSE OF ACTION

### VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

43. Plaintiff realleges paragraphs 1 through 28 and incorporates them herein as if set forth in full.

44. The DTPA prohibits any false, misleading, or deceptive acts and practices in the conduct of any trade or commerce, including:

*(2) causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;*

*(3) causing confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another;*

*(5) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which the person does not;*

45. *See* Tex. Bus. & Com. Code §§ 17.46(b), (b)(2), (b)(3), and (5).

46. Defendant deceptively represents that they are calling on behalf of or have sponsorship, authority, or approval to sell advertising space, with an ambiguous affiliation or connection to a golfing facility in violation of DTPA.

**PRAYER**

47. By reason of the acts and practices described herein above, Defendant has violated and will continue to violate the federal and state laws set forth above unless this Honorable Court enjoins them from doing so.

48. WHEREFORE, Plaintiff prays that Defendant be cited according to law to appear and answer herein; that after due notice and hearing a temporary injunction be issued on the terms set forth below; and that upon final hearing, a permanent injunction be issued, restraining and enjoining Defendant, their officers, agents, servants, employees, attorneys, and any other person in active concert or participation with Defendant, from violating the TCPA, the FCC regulations promulgated pursuant to the TCPA, The Texas Commerce Code, Chapter 302, and the DTPA including but not limited to:

A. Providing a Do Not Call Policy upon demand to any party who desires such;

B. Registering as a Telemarketer with the Texas Secretary of State and posting requisite statutory bond;

C. Misrepresenting, directly or indirectly, that any good or service has any sponsorship, affiliation, or approval that it does not have.

D. In addition, Plaintiff respectfully prays that this Court adjudge against Defendant civil penalties in favor of Plaintiff in the following amounts for violations of the TCPA due to failure to provide their Do Not Call policy:

   a. Five Hundred and No/100 Dollars ($500.00) for each violation of 47 C.F.R. § 64.1200(d)(1); and b. One Thousand Five Hundred and No/100 Dollars ($1,500.00) for each such violation that was committed knowingly or willfully, on four violations totaling $6,000.

   b. Prejudgment interest on all monetary recovery obtained;

   c. All filing costs and attorney fees incurred in prosecuting these claims; and

   d. For such further relief as the Court deems just and equitable.

48. Plaintiff further respectfully prays that this Court adjudge against Defendant, civil penalty in the amount of:

   a. Five Thousand dollars ($5,000.00) for violation of the Texas Business and Commerce Code § 302.101.

   b. Prejudgment interest on all monetary recovery obtained;

   c. All filing costs and attorney fees incurred in prosecuting these claims; and

   d. For such further relief as the Court deems just and equitable.

49. Plaintiff further respectfully prays that this Court adjudge against Defendant, civil penalties in the amount of:

   a. $10,000.00 per violation of the DTPA.

   b. Prejudgment interest on all monetary recovery obtained;

   c. All filing costs and attorney fees incurred in prosecuting these claims; and

d. For such further relief as the Court deems just and equitable.

50. Plaintiff further prays that the Court grant all other relief to which the Plaintiff may show itself entitled.

## SUMMARY OF DAMAGES SOUGHT FROM DEFENDANT

51. TCPA – Failure to provide Do Not Call Policy: $6,000

TX B&CC Sec. 302 – Failure to hold registration certificate: $5,000

TX B&CC DTPA Sec. 17 – Failure to clearly identify affiliation/association: $10,000

Total Statutory Damages Sought: $21,000

## REQUEST FOR A JURY TRIAL

Plaintiff hereby requests a jury trial on all issues so triable.

Dated: December 9, 2022,                                Respectfully Submitted,

*[signature]*

David Tom
Plaintiff, Pro Se
1058 Herne Ave
Palm Bay, FL 32907
321-917-0760
321-725-9212
david.m.tom@gmail.com